Case, Robert Maxwell-Simon-Stacy, Lane-Simon v. FIA Card Services May it please the Court, Your Honours, I would like to reserve three minutes for rebuttal. Granted. Thank you. My name is Andy Winchell of the Law Offices of Andy Winchell. I am representing the plaintiffs and appellants Robert and Stacy Simon. Your Honour, this Fair Debt Collection Practices Act ceases to apply after the commencement of a bankruptcy case. My clients were sent notices, communications that violated the Fair Debt Collection Practices Act and brought an action, quashed the purported subpoenas within the notices in the bankruptcy court, brought an action within the bankruptcy court which was dismissed for lack of subject Who sent them? Oh, I'm sorry. I'm on the wrong side of the question. I am the counsel who received them, Your Honour. Yes, Your Honour. Do you, there's case law on lots of, all around the place, including in our circuit, all over the place. What line of reasoning do you advocate and why? Your Honour, I would direct Your Honours to the decision in Randolph in the issues about as well as any decision in the field. Talked about that there is no, although these two statutory schemes overlap somewhat, generally speaking they deal with entirely different matters. The FDCPA deals with debtors and debt collectors. It does not apply to creditors at all. Now do we, and apply, if we were to apply his logic, do we then look at the, at what happened, at the specific communication and compare what, in other words, the letter relating to a discharge proceeding that could be brought and attach notice under the code? Do we look at that and then match that up with the bankruptcy code and see whether there's a conflict or what do we do? Your Honour, the bankruptcy code does not govern this type of notice at all. There is nothing in the bankruptcy code or the rules that speaks to the content of this type of notice. Oh it does, the 2004 notice? Your Honour, 2004 provides for the ability to have an examination. It does not specifically govern what is in the transmittal letter or even what is in the, what is in the deposition notice or the document request. But you're saying there should be a cause of action to sue someone for noticing a Rule 2004 proceeding that they're really entitled to notice? No, Your Honour. Only if you do so in a way that's improper. Only if such notice violates the FDCPA. In many jurisdictions, Your Honour, a 2004 exam requires an application to the court. In the District of New Jersey under our local rules, no application is required. Therefore, a debt collector can notice even improperly such a deposition and in this case require it in another state. And none of that would, none of that is governed by the bankruptcy code or rules. But it would be prohibited by? Your Honour, only if it violates the, only if it otherwise violates the FDCPA the way that this one did. And does it here? Yes, Your Honour. This one, this one definitely does. Why? In many different, there are a few different ways. First, it contained a subpoena that was invalid in multiple different respects. Required the debtor to attend a deposition that was out of state. Is that a violation of the FDCPA? Your Honour, it would be a threat to take an action that cannot legally be taken. It is also a false representation or implication that documents are legal process when they are not. If there was no, and that's because it violated Rule 45? Yes, Your Honour. If there's no issue on Rule 45? Your Honour, if the subpoena had been compliant, there were other issues. Is this a subpoena? The document appeared to be a subpoena. Did it say specifically it was a subpoena? It appears to be a subpoena. And that is the way that attendance is compelled at a 2004 examination under our local rules in New Jersey, to send a subpoena. And the FDCPA standard is the least sophisticated debtor. Notice of examination in accordance with FRBP 2004 and Local Rule 2004-1. Yes, Your Honour. Signed by a lawyer. It's not a court-issued at all. You're right. Yes, Your Honour. It's not court-issued. So is that a subpoena? It looks like a subpoena, yes. Well, it may quack like a subpoena, but it isn't a subpoena. The point is that the least sophisticated debtor might not realize that he or she is not required to comply with the subpoena because it was faulty and defective as the Bankruptcy Court found it. But is this permissible under the Bankruptcy Code, this lawful subpoena would have been permitted under our local rules and also under Rule 2004. But if this is permissible under the Bankruptcy Code, you're saying it can still be a basis for a cause of action under the Fair Debt Collection Practices Act? Yes, Your Honour. In addition, there were other aspects about this notice. Isn't that exactly the irreconcilable conflict that Judge Easterbrook talked about? No, Your Honour, because there were other issues with respect to this discommunication. Notably, it did not contain the disclaimer in 15 U.S.C. 1692-E-11. Is that the mini-Miranda? There are two mini-Miranda warnings, Your Honour. One is in G and one is in E. It contained the mini-Miranda in G about the debt validation. It did not contain the mini-Miranda that the debt collectors attempted to collect a debt and that any information may be used for that purpose. The FDCPA is a strict liability statute that applies only to debt collectors and specifically regulates their communication. And doesn't it apply to debt collectors so that people are not harassed and therefore have to file bankruptcy? Why is the spirit of the FDCPA and the policy behind it, how is that really animated in a bankruptcy proceeding? Typically, Your Honour, in a bankruptcy proceeding it is not. It is only under certain circumstances such as this one. There are many different In this case, we're talking about a couple who, when reviewing the documents, would have believed that they had to take a day off from work and travel to New York and produce a whole bunch of documents. But they didn't get the documents. They never went to the FDC. Yes, they did, Your Honour. The lawyer did. Your Honour, that is the same under the Third Circuit, the Allen v. LaSalle. There is no distinction. And frankly, I didn't realize until looking at it later that it was not, first, that they did not get it, and second, that it did not comply with the FDCPA or with the subpoena, with Rule 45. But now you're back to the Rule 45 argument. Yes, Your Honour. You have to look pretty closely to realize all of the different ways in which the subpoena was defective. Let me ask you a question. Are you saying that because, that these two statutory schemes do not conflict at all, and we therefore never really look at what happened to see if it's in conflict, but you take the language in Randolph that there is no stated legislative preemption in either of the laws, so therefore they necessarily both apply at all times? Your Honour, there are instances in which the FDCPA and the bankruptcy code do overlap. Do overlap? Do overlap. Do run into each other so that they don't both, so that the FDCPA doesn't apply? I would give just as an example the discharge injunction, that a debt that is discharged is potentially actionable under the, when a creditor attempts to collect a debt that has been discharged, that's potentially actionable under 524 of the bankruptcy code. It's also potentially actionable under the FDCPA. Right. And that's the context in which all of these cases with which I disagree arise, where a debt has been discharged. But you're saying you should be able to sue under the FDCPA? Your Honour, yes. You should be able to sue either under the FDCPA for a debt collector or a, where it's a creditor, you should be able to pursue sanctions. Because you've got two remedies that add to each other. They don't conflict with each other. How about the proof of claim situation? Proof of claim is obviously a proof of claim. The bankruptcy court has the ability to deal with a proof of claim. It can strike the proof of claim through the objection process. But here the bankruptcy court could deal with the subpoena issue. Your Honour, not, the most that a bankruptcy court could do here was what the bankruptcy court did, which was quash the subpoena. The bankruptcy court cannot provide any redress for the debtor. In fact, the debt collector here had not even submitted to the jurisdiction of the bankruptcy court. How about attorney's fees? Your Honour, if you're looking under 9011, none of these documents were ever submitted to the bankruptcy court. Well, but they could have been. That is, there would have been a sanctioning authority. I think a bankruptcy judge might be startled to know that he or she was without the ability to deal with a violation of a rule or procedure governing a 2004 notice or subpoena if one occurred. In a situation where an application has been made to a bankruptcy court and the court could review the documents to see whether they were appropriate, that is a different context from what we have here where none of the documents were required to be submitted to the bankruptcy court before being sent to the consumers. May I ask a follow-up on your question about the potential conflict? Is there any way in which the failure to include the mini Miranda language about maybe use for debt collection purposes, which you say is required by the FDCPA and actionable if it's not included, is there any way in which including it would expose the creditor to a violation or liability under the FDCPA? No, under the bankruptcy code, the issue would be whether that might violate the automatic stay by saying, well, by the same token that this notice indicated that it was not an attempt to collect a debt, it also could provide, it indicated that it was not an attempt to collect a debt for the purposes of the automatic stay. There's nothing that says that you couldn't put in this notice that they're not attempting to collect a debt, which in fact they weren't. But that could have been phrased in a way to indicate that the automatic stay, that they're attempting to negotiate a resolution rather than trying to directly collect the debt. But the FDCPA language, as I understand it, would require them to say this is an attempt to collect debt. I think the point of that is not so much to say that the debt collectors attempted to collect a debt, but that any information will be used for that purpose. I think that there is a distinction between acknowledging that the debt collector, in this case, is in the process of something that's in connection with the collection of any debt, which is what the standard is, and the actual attempt to collect money or get money from the consumer. I guess I'm worried about your distinction because there's case law that says that attempts to negotiate or resolve or settle are attempts to collect a debt. So how can the creditors say this despite all appearances to the contrary and despite the fact that at the end of the day I want your money, this is not an attempt to collect a debt? Your Honor, I think that- And one way to get the money is to challenge dischargeability. Your Honor, I think that the cases with respect to the automatic stay tend to be very specific, where they're clearly trying to attempt and threatening some sort of action or trying to collect a debt, not so much trying to- One might argue this is a way around the automatic stay. You're trying to coerce a debtor into paying by threatening to trade him to another state for a deposition. However, when looking at the automatic stay, I do not think any of the automatic stay cases would really specifically apply to this action. I have two more questions, one of which, I'm surprised at your answer on the proof of claim, because when a proof of claim, and your concession there that the FDCPA doesn't apply, because a proof of claim will be allowed or disallowed by the court. Your Honor, I didn't mean to concede that the FDCPA does not necessarily- Well, you did, because I asked you if they're totally separate and they both can exist, and you said in that situation the court can resolve proof of claim, so therefore- Absolutely, that could be resolved under either 3007 of the Rules of Bankruptcy Procedure, or potentially if the proof of claim in some way is false, deceptive, or misleading, might fall under the FDCPA. It'll be disallowed. It can be disallowed. There won't be a cause of action for it. That would be only on the FDCPA, so I'm surprised. Yes, Your Honor, I agree with that. So is, I get back to my question, is there any instance in which you would say that there would be a conflict between the two statutes? I think there are instances in which there might be a conflict. I think that in the instances in which those arise, that could be addressed. This doesn't happen to be one of them, because the bankruptcy, none of the bankruptcy rules don't apply to this. My second question is once, and I did bankruptcy law. It's a long time ago, so I'm dangerous, but once, you know, when someone, a lawyer gets, the debtor's lawyer gets this notice, has to do with a dischargeability proceeding that's going to be filed. Decision of what to do with respect to that, whether to settle this or whatever, that comes before the court. If the debtor were to then say, oh yes, and write a check, that's not going to happen, because if this debt is non-dischargeable, the other debtor, the other creditors are better off, because it's going to pass through, it's going to pass through the proceeding. You're not going to have to pay any money on account of it. So this is the kind of thing a court's going to have to approve. In the sense of paying? So it's not the kind of harass, harass, force money to be paid over that happens outside the bankruptcy. Doesn't the context of the bankruptcy really matter here? It does, Your Honor. I would say that the approval of the payment of the money only occurs if there's either a reaffirmation agreement or a settlement with respect to it that ends up being approved, which frankly does not always happen. If in the context, if- Well, if something is going to be paid to this creditor outside of a plan or outside of a distribution under, you know, Chapter 7, the court, somebody's going to have to okay that. This is not something where they're just going to write a check because they don't want to receive phone calls. Your Honor, in theory, you're correct. In practice, I wouldn't necessarily say so. And I think particularly in the context, these debtors happen not to be pro se, but if you were looking at a pro se debtor, they very likely might write a check or call the creditor rather than submit to the possibility of a non-dischargeability proceeding. Wow. I wouldn't want to go before the bankruptcy judge and say that I did that, but- Nor would I, Your Honor. Okay. We'll hear from you on rebuttal. Thank you. May it please the Court, my name is Susan Johnston. I'm a member of the firm Weinstein & Riley representing the FLEs in this case, FIA card services and the law firm Weinstein & Riley. And just to pick up on the last comment, Your Honor, neither would I. Under no circumstances would my firm, on behalf of any of our clients whom we represent across the country, engage in the settlement with a pro se debtor that we did not bring to the court for approval. That would never happen. Well, by the same token, if you believe there's a basis for non-dischargeability, why don't you just file a non-dischargeability complaint rather than sending a letter that says, you know, we can settle this and, you know, you can pay now and avoid all this aggravation, which is, you know, could be subject to you to the FDCPA. Well, I have a couple of different answers to that, Your Honor. One is that we have found it useful in many courts, many bankruptcy courts have found it useful to engage in pre-filing discussions with the opposing counsel to determine whether there is, in fact, the ability to prove intent, which is always the problem in these cases. We know what the charges are in a non-dischargeability context. What we don't know is we don't always have all of the objective factors that the courts have permitted us to rely upon to prove the subjective intent factor, so that these pre-filing conversations are often useful in identifying either cases where we cannot prove intent because they give us facts that we need to know and that would refute our ability to bring a prima facie case. Yeah, but then why do you include in there, you know, pay now, X dollars, pay over time, X dollars? I mean, if it's really to try to figure it out and notice the proceeding, why not just send a notice that we don't know so we're going to have a – we're going to have a – That's certainly one way to do it. One of the things that we're hoping to accomplish, however, is – To get the money. Well, Your Honor, now that's a very important point that you just made because there is a very important distinction between the pre-filing communications about non-dischargeability complaints and debt collection. This is not a demand. There's nothing in this letter that says this is a demand for payment. The reason why we did not make the – Mini Miranda. The mini, mini Miranda is because we are not acting as a debt collector. Wouldn't the least sophisticated debtor read it that way? I don't think so, Your Honor, because I think that the language of the letter that we sent makes it very clear that it is not a demand. There's nothing in there about a demand. It doesn't say that. It says that we believe that we have a complaint for non-dischargeability. We believe you owe, and here's a discount if you pay now. Well, it doesn't actually say that, Your Honor. I don't think it actually says that. We could actually look at the language of the letter. Well, okay, let's look at it because with the two numbers – Let's see. Before you incur the cost, our client is willing to provide the option of settling the account. Yes, that's right. It does say that. But it begins by saying that we believe that we have a complaint for non-dischargeability. Now – Isn't there a case law that says that that kind of settlement overture is a part of a debt collection? Your Honor, there is case law that says that. I'm not aware that it says that in the context of a 523 complaint within a bankruptcy case.  And you say those things. Then, yes, I think I would have to agree with you, Your Honor, that there is case law that says that that is an aspect of debt collection. I do not agree. I have not seen. I have not seen cases in the 523 context that say that it is a violation of the FDCPA for a creditor's lawyer to write a letter to the debtor's lawyer saying we believe that we may have a 523A complaint. We'd like to talk to you about it. We may take discovery. But in the meantime, if you want to resolve it, we're happy to resolve it. So it's a conversation that is often productive in resolving these things. Some of the time we don't sue people because of hardship. Some of the time we don't sue people because we receive information from the debtor's lawyer in this context. And you're drawing a distinction between a letter that you would send to a lawyer, on the one hand, and a letter that you would send merely to a debtor. I'm not necessarily drawing that distinction, but I do think it's important that in this case the letter went to the lawyer because there is authority for the proposition that you don't violate the FDCPA by sending a letter to a lawyer. That's an important point. I think we're pretty tough on that in our circuit. There is a case in the circuit that suggests exactly what I said, though. It doesn't hold it, but it says that there is a strong body of authority that says that you don't violate the FDCPA by communicating with the lawyer. The Seventh Circuit has qualified that a little bit and said that we may apply a different standard. But if we apply a different standard, I think that it supports my position also in this case. You know, the other thing is the Fair Debt Collective Practices Act provides remedies that could bring money into the estate. And, you know, in the bankruptcy, there's nothing wrong with that. Providing that, you know, some money comes into the estate, there may be an automatic stay against actions against the debtor, but there's nothing to say debtor should waive or forego assets, which would be a cause of action here. And there's nothing in the Fair Debt Collection Practices Act that says, oh, by the way, you know, if you're in bankruptcy, you know, it's different. You might make this money come to the estate. This money would not, in a Chapter 7, it would not come to the estate. In a Chapter 13, it might. Well, because it has the date of violate the asset. Right. In a 7, it would not come to the estate. In a 13, it would not. So it's not going to benefit anybody else but the debtor. But the debtor and the lawyer, because the lawyer always asks for attorney's fees. I was going to say, it might be available at a paid cost. Now, may I make an answer to the panel asked questions about the availability, about whether there was a conflict between the FDCPA and the bankruptcy regime. Precisely the question, if I could interrupt. Yes. Is whether if you did put the language in that plaintiff's counsel says was required under the FDCPA, that the information gathered could be used as part of a debt collection effort, would that expose you to a violation of the automatic state? Your Honor, I think it would certainly expose us to a lawsuit not unlike this lawsuit. I also think it would not be true in a letter like this in a 523-A context, because we're not seeking the information to collect the debt. We're seeking the information to determine whether or not the debt is dischargeable. And it's different information. The category of information that we need to extract in order to prove fraud and non-dischargeability is different from the category of information. There may be some overlap. But generally speaking, what you're looking for is pattern and practice of charges, employment, income, anticipation, that sort of thing. And so in answer to your question, I don't know that it would expose us to liability, but I think it might expose us to frivolous lawsuits for sure. And it might expose us to liability if the court thought that what we were actually trying to do was collect the debt instead of trying to determine non-dischargeability. So I think that risk is there. If I understood the argument that opposing counsel made, it was that in order to avoid this kind of damned if you do, damned if you don't situation, you should have put language in your notice of the 2004 examination and invitation to talk, something to the effect that this is not information, an effort to obtain information that will be used in connection with debt collection efforts. Does that give you concern? How do you respond to that? If the court were inclined to formulate a safe harbor along the lines of the Seventh Circuit safe harbors, Judge Posner has written several decisions saying, I can't make you do it, but I can tell you if you do it this way, you won't be liable in my court for an FDCPA violation. If the court were inclined to say something along the lines of, if you're going to write a letter to a debtor and or his counsel in a bankruptcy context in which your ultimate goal is to obtain a verdict, a judgment that is non-dischargeable, if you include this language along the lines that your honor just indicated, then you would not be liable. I can't quarrel with that because what I want to do is achieve clear standards that we can comply with so that we're not subject to lawsuit. Is it true? Is it true that the information is not going to be sought as part of a debt collection effort? I think it's true, your honor, because I think there's an important distinction to be made between suit on a debt, suit on an account, a lawsuit on a contract that you bring in state court, on the one hand, and an action to determine the non-dischargeability of the debt in a bankruptcy court, on the other hand. I think that's really important, and I think it's really important to separate those concepts. I don't know how to characterize it. In a sense, it's not true because, of course, at the end of the day, what we want is a determination that the debt is not dischargeable so that we can collect it. So in that sense, it's not true, but it's a real difficult line to walk. Isn't this just an opportunity for you on behalf of your client to try to sidestep getting in line with everyone else? No, your honor, we're already in line with everybody else in the sense that we have a – in the debtor's schedules, they scheduled our claim. No, no, no, I'm sorry. I'm sorry, I don't understand your question. I may have said it correctly. Isn't your letter an attempt to sidestep getting in line? I mean, you send the letter. Your hope is that the language induces action, and the action that you seek to induce is payment now. No. Sorry, go ahead. I'm sorry. Well, it's not payment now? I mean, if in response to this letter the lawyer says, hey, we should pay this, now maybe that's not good bankruptcy counsel advice, but he says, hey, whatever the numbers are, instead of, you know, you owe $11,000 plus, you'll owe $9,000 plus, maybe I can get them down to $8,000, let's pay. I mean, that's what you're really seeking. So I don't really understand this notion that, you know, we're seeking a statement of non-dischargeability. I mean, you're seeking to collect the debt. But, Your Honor, the Bankruptcy Code gives me a remedy. It gives all creditors remedies to examine the circumstances surrounding the incurrence of the debt. And if the creditor believes that the debt was incurred in violation of Section 523A of the Bankruptcy Code, he can sue for non-dischargeability. And then the debtor coming out of the proceedings is going to have to pay that. He's going to have to pay that debt. Now, we have the right to do that. We have an absolute right under the Bankruptcy Code to bring that lawsuit, if we can allege a prima facie case. Now, the Bankruptcy Code – So you're saying this is just like any other time you're going to bring suit, you don't just file suit, you send a letter saying – Can you tell me some facts? This is going to happen, so if you want to avoid it, you can avoid it. Your Honor, this is also a very important point from my perspective. One possible result of this is the court will rule that we can have no pre-filing communications with the debtor. That would put a burden on creditors, like my clients, that I'm not aware is shared by any other creditor in any other context. In my experience, I spent most of my bankruptcy career practicing in big firms representing large companies in Chapter 11 cases. You would normally not surprise somebody with a lawsuit. Normally, you might draft it and send it to your opposing counsel. You might call them up and say, I think you screwed up. I have a claim against you. Well, that's the distinction here. We can settle it. We'd be requiring you to pick up the phone instead of sending a letter. And we do that sometimes, too, Your Honor. I mean, the point is – the point that's really important about this, and I don't – I should step back for just a minute and say that I am not defending the Rule 2004 notice. I don't disagree that there were some problems with it, and obviously the court quashed it. But I would say that a Rule 2004 subpoena is a remedy that's available to me in the bankruptcy code, and that if you – and that there are, therefore, remedies for improper 2004 subpoenas in the bankruptcy court that they achieved. They got that. They got it quashed. I also agree with you, Your Honor, that if we did something really wrong, the court could do something about it. But why should we not let the debtor have a cause of action that's provided under the FDCPA for something that's wrong? Because there will be no cause of action in the bankruptcy court. There will be just slap on the wrist or whatever, but no affirmative remedy. Not necessarily, Your Honor. I don't think you can assume that the bankruptcy court would view the kind of as something that should be resolved with a slap on the wrist. I really – I don't think they would do that. I just want to follow up with two other points. Do you agree that this is, in effect, a subpoena? It's a – no. It can be enforced pursuant to Rule 45, if need be. But I don't agree that this document itself on its face is a subpoena. It's a notice of 2004 exam. I mean, the pattern in practice in bankruptcy court when you want to obtain discovery under Rule 2004 is to serve a notice of examination under Rule 2004. If you have to enforce it against a third party, you have to get a subpoena, or you have to get a bankruptcy court order authorizing you to do it. So if there was a failure to comply with Rule 45's requirements, what you're saying is that it doesn't – that there's no exposure under the FDCPA because of those deficiencies because this was not technically a subpoena? You know, I'm not really arguing that, Your Honor. I think my argument on the subpoena part of it is that it's – first of all, it was never served on the debtors. It only went to the Debtors' Council. Okay. And I do believe – I mean, and the fact that it only went to Debtors' Council means that it was, in effect, a notice as opposed to a subpoena? We certainly didn't attempt to enforce it as a subpoena. We didn't serve it on them as a subpoena. We didn't attempt to enforce it as a subpoena. I'm not trying to dance around this. I'm really not. I really think that the real issue here is not so much that there were mistakes in the subpoena, but that – or in the notice. Sorry. My point is not so much that there were not mistakes in it because I, you know, frankly, Your Honor, as Mr. Winchell, if he was the one who signed it – I mean, I wouldn't have written it that way, just so you know. I want to do it better than that. But my point is that because we're entitled under the Bankruptcy Code and the bankruptcy rules to send – to engage in pre-filing 2004 examinations, my point is that the remedy is under the bankruptcy court rules and that you don't need this, you know, a year later when they've already gotten the motion – they've already gotten the subpoena quashed. A year later they sue us saying that there are all kinds of things wrong with it. I mean, it's over. We never even – we never filed a lawsuit against them. Let me ask you a question. Under 2004, the notice actually should be served on the debtor, should it not? Yes, if you want to get it enforced. See, that's my point, Your Honor. I wasn't there at the time this was done. I didn't write it. I didn't sign it. If I – and the record doesn't show what was intended by the lawyer. I mean, this was a motion to dismiss, so the record is relatively undeveloped. But my belief, I mean, if I had to guess, my belief is that what he was trying to do was demonstrate to the opposing counsel two things. One is the kinds of facts that he might want in order to resolve this, either formally or amicably. And two, you know, I know what a rule of 2004 is. You know, I can – but he didn't attempt to enforce it. So there was absolutely no prejudice or damage suffered by the debtors in this case. I mean, I assume they saw it because the lawyer gave it to them. One more question, if I may. Your argument that this was simply a discussion that you were trying to initiate and that there was no need to put in language, the FDCPA required language, that the information could be used for the purpose of debt collection because you weren't going to use it for that purpose. That's correct. But if you had put in the language that plaintiff's counsel urges, something to the effect that this information will not be used for debt collection purposes, would you, in order to avoid a conflict with the automatic stay, would you be precluded from ever using any of the information you gathered if settlement failed in pursuing dischargeability? Well, you might be. Non-dischargeability. You might be, and you certainly would face that challenge from them. As a technical matter, under Rule 2004, the information that you get may or may not be admissible in the underlying lawsuit. So it might be a roadmap for further discovery. But I think you'd face that challenge, absolutely. So what do you do with it? Forget it? How does that affect the customary practice? I don't think that we should have to put that disclaimer in these letters because I don't think that we are trying to collect debts in these letters. I think if we did put it in the letter, it would expose us to hazards down the road in the ultimate lawsuit. And if you don't put it in the letter, you're obviously subject to suit under the FDCPA because here you are. Unless we get a rule from this court that is consistent with the decisions in these three other cases that I'm aware of that say that in this context, this is not covered by the FDCPA. May I make just one? Yeah, I have one last question. Would you advocate an analysis along the lines of Randolph but finding that indeed the conflict exists? You know, I think, Your Honor, that that would be the conservative approach. I think that as I read these cases, there does seem to me to be an evolving trend. The lower courts, some of the lower courts, are saying that when the claim would require specific discussion, determination, analysis of bankruptcy code and rules, you should not import FDCPA remedies. That is kind of a broad rule that seems to be kind of derived from the increasing variety of cases in which this kind of ruling has been held. I don't think the court needs to go there to resolve this, and I'm not sure that the case law has developed enough for the court to be comfortable with that. I mean, we have sporadic incidents, you know, examples here and there. You know, the discharge injunction, the proof of claim context, maybe 363. You know, maybe in my case, 523. We have a number of different areas, spots on the map, where courts have said FDCPA remedies should not be imported. But I'm not sure that I would – I'm not sure the court would be comfortable going there at this point, given the relatively undeveloped nature of the jurisprudence. So there's a middle ground. And here, at least, it looks like there is at least an arguable basis for non-dischargeability, given the dates and the drawdown of monies. It might even draw a distinction that, you know, it has to – you know, it's a duck or a quack. It looks like a valid – At least it justifies further inquiry, which is what the goal was. One last point that I would make. I'm sorry. I mean, I interrupted you. I'm not supposed to do that, I know. The one last point that I would make is that – and I think the court can reach this – is that FIA card services, I think, is not a debt collector, and therefore not subject to the FDCPA anyway. But the attorneys are. The attorney was. But if you're acting for – but if you're acting – well, then maybe we're liable and they're not. My point is that my client, FIA card services, is not a debt collector. It's either the successor in interest to the original holder in B&A Bank or – Which makes it a creditor. Which makes it a creditor. And it's not illegal for a creditor. But the lawyer sent the letter. Well – And the lawyer is a debt collector under our – I'm not arguing about that, Your Honor. But I think the allegations in the complaint – there is an allegation in the complaint that FIA card services is a debt collector, but it's a bare-bones conclusory allegation. The court can take judicial notice of Bank of America's 10Q, which says that FIA card services is a bank. I don't think we have a problem. And there's a case – okay, so at the very least, at the very least, FIA card services should, under no circumstances, have any liability here. I would also obviously submit for all the above reasons that neither should my law firm because the letter was sent to a lawyer, which we thought was justified. The letter was sent in the context of 523A, et cetera. Thank you. Thank you. Thank you. Your Honor, I have a few points. I'll try to hit them briefly. One thing that needs to be clear is that the standard is in connection with the collection of any debt. It is not that you're specifically trying to collect a debt. The standard is much broader than please pay now, even though that's what the letter essentially is encouraging doing. Assume we write the opinion your way. How would it read? What would we say? That the FDCPA continues to apply during a bankruptcy case. No matter what. Well, to the extent that there is a conflict between the FDCPA and the bankruptcy code, that can be addressed in a case where there is a conflict. Well, how could we tell the lawyer for Weinstein and Riley what to put in the notice that would not violate the FDCPA? A simple letter to contact. Please contact us at Weinstein and Riley. We have a question about your client. So the difference is they're on the phone versus something in writing. Your Honor, I get these calls on a regular basis from creditors. In fact, I'm dealing with one right now where they have not served a 2004. I would find that more harassing than a letter. I was just going to say that's an odd application of the FDCPA. Well, it depends on what the correspondence says. What do we tell them to say in a way that would keep them from violating the FDCPA while they are availing themselves of their 2004 examination rights? Sending a proper subpoena, proper lawful 2004 examination demand with a subpoena, something that would be – Who determines proper? Well, Your Honor – If it's under Rule 2004 of the Bankruptcy Code. The Bankruptcy Court does. The Bankruptcy Court. The Bankruptcy Court would determine whether it's lawful. As I said, in New Jersey, they don't go to the Bankruptcy Court first. It has to be in the appropriate form. But if the proper subpoena, as you describe it, had to include language that says, information obtained may be used for the purpose of debt collection, would that violate the automatic stay? Your Honor, that would not necessarily violate the automatic stay. Is card services a debt collector? As I understand it, the fee of card services is a debt collector. The way the FDCPA is written with respect to creditors is somewhat ambiguous. It is not the same term as we use it in the Bankruptcy Code. It's not clear whether fee of card services – we don't have the facts yet to know whether they actually own the account or whether they were collecting it for MBNA. But presuming they're the successor in interest and they own it, they're not a debt collector, are they? They're a creditor. I think that there's more involved as to whether they're technically a debt collector or whether they're – Did they file a proof of claim? Your Honor, there's a Chapter 7 no-asset case. So let me ask a different question. Would you concede that they're not a debt collector? I would concede that under certain circumstances they might not be a debt collector. We wouldn't know until we did discovery as to whether they were operating as a debt collector here. So you're saying that this paragraph, in the event it's covered by the FDCPA, they should say, and in the event it is, we're attempting to collect a debt but we're not attempting to collect a debt, and this could be used. We should clarify one point. The E-11 provision only applies to the initial communication with the consumer. It does not apply to all subsequent communications. I'll say in a lot of these phone calls someone will simply repeat that to me, and I don't consider that a state violation to give the mini-Miranda the disclaimer within the FDCPA. I much prefer to hear it than to think that they might be calling my client and not giving that mini-Miranda. I want to point out something about 523, which is the non-dischargeability provision in the bankruptcy code. If they had brought the case and it had turned out to be inappropriate, they would be potentially liable for costs and attorney's fees under 523D. I think that's one of the reasons that they don't bring the cases initially is that, particularly in this case, they really didn't have a basis for it. There was no basis at all for it. Well, but they don't know. I mean, if the timing and the withdrawal of the money fits, you don't know. And rather than just bring the case... They could notice a lawful 2004 examination. That's the point, is that the communications, if there's going to be communications either with the debtor or the debtor's counsel, they must be truthful, they must be lawful, they must be accurate. They can't do things like tell the lawyer we sent this document to your client falsely when they didn't send it to the client. They shouldn't include a subpoena that indicates a scope that is inclined for something broader than whether they could establish fraud. I mean, if you look at the subpoena, this is more than what is necessary to establish the possibility that the charges might have been fraudulent and non-dischargeable. It's just very... I'll say one last thing to be clear. This occurred at the very beginning of a case, of a Chapter 7 case, that could have been converted to a Chapter 13 case had it been converted. In fact, this case would have stayed in the bankruptcy court because it would have flowed for the benefit of the estate. It was just that the discharge was entered before we were able to resolve this case, and therefore we did not convert the case. Great. Thank you. Thank you very much. Case well argued, taken under advisement.